UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER W. DYSART and THE DYSART LAW FIRM, | ) ) ) |
| Plaintiffs/Counter-Defendants, | ) ) ) No. 4:08CV00185 FRB |
| v. | ) ) ) |
| BRENDA GWIN, | ) ) |
| Defendant/Counter-Plaintiff. | ) |

**MEMORANDUM AND ORDER**

Plaintiffs/counter-defendants Christopher W. Dysart and The Dysart Law Firm ("plaintiffs/counter-defendants") filed this Declaratory Judgment action against their former client, defendant-counter-plaintiff Brenda Gwin. Ms. Gwin subsequently filed a Counterclaim in two counts, alleging in Count I professional negligence, and in Count II seeking a declaratory judgment that fees and expenses incurred in pursuing the underlying case which gives rise to this litigation were not reasonable and necessary.

Now pending before this Court is Ms. Gwin's Motion for Leave to Dismiss Counterclaim (Docket No. 52/filed March 3, 2009), wherein she seeks leave of court to dismiss her Counterclaim without prejudice. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

-1-

## I. Background

The following facts are not in dispute. Ms. Gwin, who formerly worked as a cook for American River Transportation Company ("Artco"), hired plaintiffs/counter-defendants to represent her in a "Jones Act" lawsuit against her employer for back injuries allegedly sustained on the job. The parties initially entered into a Contingency Fee Agreement, which provided that plaintiffs/counter-defendants would take 25% of any recovery in legal fees,[1] and that Ms. Gwin would pay all lawsuit-related expenses. After suit was filed, the parties deposed numerous witnesses, and plaintiffs/counter-defendants prepared and tendered 15 retained and non-retained expert witnesses for deposition. Trial of the case was continued numerous times due to Ms. Gwin's worsening medical condition, and the need for updated medical evaluations, opinions, and depositions in light thereof. At his deposition, plaintiff Christopher Dysart testified that, throughout the course of this litigation, Ms. Gwin maintained that her back pain was excruciating, debilitating, and rendered her completely unable to work.

In August of 2007, Ms. Gwin testified at a supplemental deposition that she had severe back pain all day, every day, and that her ability to bend her back had become more restricted.

---

[1] Ms. Gwin had negotiated this fee down from plaintiffs/counter-defendants' usual 1/3 contingency fee, and testified that she did so based upon her 20 years of experience dealing in real estate negotiations.

Following this deposition, counsel for Artco produced a surveillance video tape, recorded shortly before the supplemental deposition, showing Ms. Gwin sanding and painting railings on steps outside her house. The video depicted Ms. Gwin laughing, repeatedly bending beyond 90 degrees, standing on one foot, and kneeling down and removing paint using a power sander, a wire brush, and a scraper for extended periods of time. Artco's counsel also produced still photographs showing Ms. Gwin bending beyond 90 degrees, and engaging in other activities she had testified she was unable to do.

Upon reviewing the surveillance materials and the deposition transcripts of Ms. Gwin and other witnesses in the case, and considering them in light of other aspects of the case which tended to weigh in Artco's favor, plaintiffs/counter-defendants concluded that Ms.Gwin's credibility had been destroyed, and that a favorable jury verdict was unlikely. The parties discussed these matters, and Ms. Gwin agreed that settlement was in her best interests.

Plaintiffs/counter-defendants subsequently negotiated a $300,000.00 settlement with Artco. Ms. Gwin asked plaintiff Christopher Dysart if he would reduce his legal fee because she was receiving less money than the original estimated case value, and he agreed. These parties, along with Ms. Gwin's husband, subsequently signed a Settlement Fee Agreement, the validity of which is not contested, via which Ms. Gwin would receive a net settlement of

$55,878.02, which was the amount left over after both the litigation expenses and Ms. Gwin's medical liens were paid. (Docket No. 34-14.) The Settlement Fee Agreement further provided that plaintiffs/counter-defendants would take no legal fee out of the settlement proceeds, but would instead be able to keep any money they were able to negotiate off of Ms. Gwin's medical liens, as long as that amount did not exceed 25% of $300,000.00. Ms. Gwin signed a settlement release and stipulation of dismissal on or about September 12, 2007, which remains in effect.

Ms. Gwin subsequently refused to abide by the Settlement Fee Agreement's terms, and plaintiffs/counter-defendants filed a Complaint for Declaratory Judgment. Ms. Gwin subsequently filed the two-count Counterclaim she now seeks to dismiss without prejudice, alleging professional negligence and declaratory judgment, respectively. For her claim of professional negligence in Count I, she alleges that plaintiffs/counter-defendants used duress, undue influence, coercion and threats to get her to sign the Settlement Fee Agreement; and that they failed to take her case to trial and failed to meet the standard of skill, care, and learning required of lawyers. For her request for declaratory judgment in Count II, Ms. Gwin alternately requests that this Court determine, as a matter of law, that the expenses plaintiffs/counter-defendants incurred should not have exceeded $20,000.00.

Under this Court's original Case Management Order, the

parties were to disclose their experts by August 1, 2008. Ms. Gwin did not disclose any experts by this date. On September 9, 2008, Ms. Gwin filed a Motion to Amend the Scheduling Order and give her additional time to designate her expert witness. (Docket No. 19.) Plaintiffs/counter-defendants opposed the Motion, and a hearing on the matter was scheduled for September 24, 2008. (Docket No. 22.) Ms. Gwin's attorney failed to appear for the hearing. (Docket No. 25.)

Ms. Gwin's counsel did appear for the second motion hearing on October 1, 2008, and this Court heard oral arguments on her motion. (Docket No. 27.) On that same date, this Court granted Ms. Gwin's motion in part, and amended the scheduling order, giving her until October 10, 2008 to make her expert witnesses available for deposition. (Docket Nos. 28 and 29.)

On October 8, 2008, Ms. Gwin filed a "Request for Additional Time to Perform Discovery, Get a Second Opinion, and Name an Expert Witness and Possibly Retain Other Counsel," requesting an extension of at least sixty days. (Docket No. 30.) This Court denied her request. (Docket No. 31.) Plaintiffs/counter-defendants subsequently filed motions for summary judgment on both their Complaint, and on Ms. Gwin's Counterclaim. (Docket Nos. 32 and 34.)

On January 15, 2009, Ms. Gwin's attorney filed a Motion to Withdraw as Counsel indicating, <u>inter alia</u>, disagreement on the issues of compensation. (Docket No. 37.) On March 3, 2009, Ms.

Gwin filed the instant a Motion for Leave to Dismiss her Counterclaim without prejudice. (Docket No. 52.)

In support of the instant Motion to Dismiss her Counterclaim without prejudice, Ms. Gwin states that she has been unable to develop the necessary expert testimony to support her claim, but that, given time, "she may be able to." (Memorandum in Support of Dismissal Without Prejudice, Docket No. 53.) Ms. Gwin asks this Court to allow her to dismiss her Counterclaim without prejudice in the event she wishes to pursue it again in the future. In response, plaintiffs/counter-defendants argue, inter alia, that Ms. Gwin's motion should be denied, based upon the facts and equities involved herein, and in the interests of avoiding prejudice. For the following reasons, plaintiffs/counter-defendants' arguments are well-taken.

## II. Legal Analysis

Because this matter is before this Court pursuant to diversity jurisdiction, this Court must apply Missouri's substantive law, and federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) (federal court sitting in diversity must apply the forum state's substantive law, and federal procedural law); see also Winthrop Resources Corp. v. Stanley Works, 259 F.3d 901, 904 (8th Cir. 2001).

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on

terms that the court deems proper." "Motions to dismiss without prejudice are addressed to the sound discretion of the district courts." Witzman v. Gross, 148 F.3d 988, 991-92 (8th Cir. 1998) (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir. 1984)).

The Eighth Circuit has recognized several factors relevant to the district court's determination of whether to permit voluntary dismissal: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed. Witzman, 148 F.3d at 992 (citing Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987)(listing factors to be considered in determining whether district court abused its discretion in denying a Rule 41(a)(2) motion.))

All four factors are present in this case. Plaintiffs/counter-defendants have spent a considerable amount of time and resources defending against Ms. Gwin's Counterclaim. The time and resources necessary in such defense have been exacerbated by Ms. Gwin's inability to find an expert witness to support her Counterclaim, an inability which has, as explained above, generated pleadings to which plaintiffs/counter-defendants responded, and necessitated hearings plaintiffs/counter-defendants were required to attend. There has also been an excessive and unreasonable

amount of delay and lack of diligence on the part of Ms. Gwin in prosecuting her Counterclaim. Despite repeated extensions of time, Ms. Gwin has been unable to secure an expert witness, and has sought repeated extensions of time to do so. On one occasion, Ms. Gwin's counsel failed to appear for a hearing upon his own motion, necessitating the scheduling of a second hearing. Despite repeated continuances, Ms. Gwin remained unable to secure an expert witness to support her Counterclaim, and to date has not indicated that this situation has changed. This leads the undersigned to consider the third factor: Ms. Gwin's reason for seeking dismissal without prejudice. In requesting leave to dismiss her Counterclaim without prejudice, Ms. Gwin merely reminds the Court that she is unable to secure an expert witness, and speculates that, given time, she may be able to obtain one in the future. This is the very situation which has caused all of the aforementioned unreasonable and excessive delay. Furthermore, such a statement can inspire no confidence that Ms. Gwin's legal situation would be any different on a second action. Finally, plaintiffs/counter-defendants have filed two motions for summary judgment in this case: one for summary judgment on their own Complaint, and a second on Ms. Gwin's Counterclaim. This Court has granted the motion for summary judgment on the Complaint, and the facts and issues involved therein were intertwined with those Ms. Gwin asserts in her Counterclaim. Plaintiffs/counter-defendants have also filed a motion for summary judgment on Ms. Gwin's Counterclaim.

The status of this case, and the foregoing facts, lead the undersigned to conclude that Ms. Gwin should not be permitted to dismiss her Counterclaim without prejudice. Justice would be most fairly served by addressing Ms. Gwin's Counterclaim on its merits, as requested by plaintiffs/counter-defendants in their motion for summary judgment on the Counterclaim.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Ms. Gwin's Motion for Leave to Dismiss Counterclaim (Docket No. 52) is **DENIED.**

*Frederick R. Buckles*
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of June, 2009.